UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRYL A. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-1140-LJM-VSS |
| ) | |
| FLETCHER CHRYSLER PRODUCTS, INC., ) | |
| and STRATEGIC MARKETING, INC., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, MOTION TO STAY, AND MOTION TO COMPEL

This cause is now before the Court on the defendants' Motion for Partial Judgment on the Pleadings and for a Stay Pending Resolution of the 12(c) Motion[1] and the plaintiff's Motion to Compel. The motions are fully briefed, and for the reasons stated herein, the Court **GRANTS** the defendants' motion for judgment on the pleadings, **DENIES AS MOOT** the motion to stay, and **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to compel.

### MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Darryl A. Harris alleges that an unsolicited letter sent to him in January 2005[2] by the defendants offering automobile financing violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") by failing to include a "clear and conspicuous" statement of certain

---

[1]The Court notes that the defendants' motion for stay was improperly filed as part of their motion for partial judgment on the pleadings in violation of Local Rule 7.1(a).

[2]Harris also seeks to represent a class of certain individuals who received identical letters from the defendants on or after August 1, 2003, which is two years prior to the filing of this case.

disclosures as required by 15 U.S.C. § 1681m(d)(1).[3] The defendants move for judgment on the pleadings on that claim because, they argue, a recent amendment to the FCRA eliminated the private right of action for violations such as that alleged by Harris. Consistent with the other district courts in this circuit that have addressed the issue, as well as recent dicta from the Seventh Circuit Court of Appeals, the Court agrees with the defendant.

15 U.S.C. § 1681m sets forth certain duties applicable to those who use consumer credit reports for various purposes. The provision allegedly violated in this case, § 1681m(d)(1), provides that a "person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer" must include with each written solicitation to the consumer a "clear and conspicuous statement" that:

> (A) information contained in the consumer's consumer report was used in connection with the transaction;
>
> (B) the consumer received the offer of credit or insurance because the consumer satisfied the criteria for credit worthiness or insurability under which the consumer was selected for the offer;
>
> (C) if applicable, the credit or insurance may not be extended if, after the consumer responds to the offer, the consumer does not meet the criteria used to select the consumer for the offer or any applicable criteria bearing on credit worthiness or insurability or does not furnish any required collateral;
>
> (D) the consumer has a right to prohibit information contained in the consumer's file with any consumer reporting agency from being used in connection with any credit or insurance transaction that is not initiated by the consumer; and
>
> (E) the consumer may exercise the right referred to in subparagraph (D) by notifying a notification system established under section 1681b(e) of this title.

15 U.S.C. § 1681m(d)(1). Harris argues that the unsolicited offer of credit he received from the

---

[3] Harris's other allegations are not at issue in the instant motion.

defendants failed to include the required clear and conspicuous statements.

The FCRA provides consumers with a private right of action for violations of its provisions. *See* 15 U.S.C. § 1681n (providing for damages for willing and knowing noncompliance) and § 1681o (providing for damages for negligent noncompliance). However, the Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108-159, 117 Stat. 1952 (2003) ("FACTA"), added several provisions to the FCRA, including § 1681m(h)(8), which provides:

> (8) Enforcement
>
> (A) No civil actions
>
> Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement
>
> This section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section.

The defendants argue that the phrase "this section" in § 1681m(h)(8) refers to all of § 1681m, thereby abolishing the private right of action for violations of § 1681m(d)(1) such as that alleged by Harris in this case. Harris, in turn, argues that "this section" refers not to § 1681m in its entirety, but only to § 1681m(h), thereby preserving civil actions for violations of § 1681m(d)(1).

Several district courts within this circuit recently have addressed this issue and arrived at the same conclusion: the 2003 amendment to the FCRA abolished the private right of action for all violations of § 1681m. *See Stavroff v. Gurley Leep Dodge, Inc.,* ___ F.Supp.2d ____, 2006 WL 196381 (N.D. Ind., Jan. 20, 2006) (Sharp, J.); *Tremble v. Town & Country Credit Corp.,* 2006 WL 163140 (N.D. Ill., Jan. 18, 2006) (Kennelly, J.); *Hernandez v. Citifinancial Services, Inc.*, 2005 WL 3430858 (N.D. Ill., Dec. 9, 2005) (Filip, J.); *McCane v. America's Credit Jewelers, Inc.*, 2005 WL

3

3299371 (N.D. Ill., Dec. 1, 2005) (Conlon, J.); *Pietras v. Curfin Oldsmobile, Inc.*, 2005 WL 2897386 (N.D. Ill., Nov. 1, 2005) (Conlon, J.); *Murray v. Household Bank (SB), N.A.*, 386 F. Supp.2d 993 (N.D. Ill. 2005) (Gettleman, J.); *Murray v. Cross Country Bank*, 399 F.Supp. 2d 843 (N.D. Ill. 2005) (Zagel, J.). These opinions are not binding upon this Court, of course, but they do constitute persuasive authority. In addition, consistent with these holdings, the Seventh Circuit recently noted in dicta that "[a] recent amendment to the [FCRA] abolishes private remedies for violations of the clear-disclosure requirements, which in the future will be enforced administratively." *Murray v. GMAC Mortg. Corp.*, ____ F.3d ____, 2006 WL 90081 at *1 (7th Cir., Jan. 17, 2006) (adding that the amendment "does not apply to offers made before its effective date and thus does not affect this litigation").

Harris urges this Court to deviate from this persuasive authority, offering several reasons why it is incorrect. His first argument is based on the legislative history of § 311 of FACTA, which was codified as § 1681m(h). However, it is not appropriate even to consider legislative history unless the words of the statute are ambiguous. Rather, the "cardinal canon" of statutory construction is that "courts must presume that a legislature says in a statute what it means and means in a statute what is says there"; "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Thus,

> [w]e begin our inquiry into the proper interpretation of the statute and regulation by determining whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole. Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent.

*Ioffe v. Skokie Motor Sales, Inc.*, 414 F.3d 708, 710 -11 (7th Cir. 2005) (citations and internal quotation marks omitted).

Implicitly recognizing this rule of statutory construction, Harris argues that the term "this section" is inherently ambiguous and can be interpreted to refer to either § 1681m as a whole or just to § 1681m(h).[4]  However, "Congress ordinarily adheres to a hierarchical scheme in subdividing statutory sections." *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60 (2004) (citing L. Filson, The Legislative Drafter's Desk Reference 222 (1992)).  Under that scheme, a "section" such as § 1681m is first broken down into "subsections," starting with "(a)," and then further broken down in to paragraphs, subparagraphs, and clauses. *Id.* at 60-61 (citing House Legislative Counsel's Manual on Drafting Style, HLC No. 104-1, p. 24 (1995) and Senate Office of the Legislative Counsel, Legislative Drafting Manual 10 (1997)).  As was the case with the statute at issue in *Nigh*, Congress followed this hierarchical scheme in drafting both the FCRA and FACTA.  Numerous times in § 1681m, the term "this subsection" is used to refer to a lowercase-letter subdivision. *See, e.g.,* § 1681m(f)(2); § 1681m(f)(3); § 1681m(h)(1); § 1681m(h)(5); § 1681m(h)(6)(B).  Indeed, both § 1681m(h)(3)(B) and § 1681m(h)(4) refer to "subsection (a) of this section," clearly demonstrating that Congress recognized the traditional difference between the two terms.  "A provision that may

---

[4]Harris points to the United States Supreme Court's use of "these sections" (rather than "these subsections") to refer to 18 U.S.C. §§ 1512(b)(2)(A) and (B) in a recent opinion as evidence that "this section" could refer to § 1681m(h). *See Arthur Andersen LLP v. U.S.,* 125 S.Ct. 2129, 2131 (2005).  The meaning of the term "section" was not at issue in that case, and the Court's use of "these sections" in the introductory paragraph of the opinion is of no relevance to the instant case.  Neither is the fact that in various places in § 1681m the word "section" precedes a subparagraph or clause, as in the reference in § 1681m(d)(1) to "section 1681b(c)(1)(B) of this title."  In such instances, "the word 'section' appears immediately adjacent to the number and is clearly intended to replace the '§' symbol, which is typically used to denote that it precedes a citation to a statute." *Murray v. Household Bank*, 386 F. Supp.2d at 997 n.4.

seem ambiguous in isolation is often clarified by the remainder of the statutory scheme-because the same terminology is used elsewhere in a context that makes its meaning clear." *Nigh*, 543 U.S. at 60. In the statutory scheme at issue here, the term "section" as used in § 1681m(8)(A) and (B) refers to all of § 1681m; § 1681m(h) would be referred to as a subsection.

Of course, it is entirely possible, as Harris argues, that when it enacted § 1681m(h)(8) Congress intended to refer to subsection (h) and not § 1681m as a whole but mistakenly used the word "section" instead of "subsection."; "a busy Congress is fully capable of enacting a scrivener's error into law." *Nigh*, 543 U.S. at 65 (Stevens, J., concurring). Indeed, Harris has proposed a theory regarding how this error could have occurred that is quite plausible: § 311(a) of FACTA amended § 1681m by adding subsection (h), and when Congress used the term "this section" in § 311(a), it was referring to the provisions of § 311(a)–and, therefore, subsection (h)–not to § 1681m in its entirety. Harris also points to several other problems with the way in which the FCRA, as amended by FACTA, is drafted, including redundant provisions and the fact an enforcement provision intended to apply to all of § 1681m would have more logically been placed in its own section rather than as paragraph (8) of subsection § 1681(h). There is no question that § 1681m is not a model of legislative drafting. However, inasmuch as the plain meaning of the statute as it is written is clear, and applying that plain meaning does not lead to an absurd result, it is not for the Court to question whether it was intended to mean what it says. "If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think is the preferred result." *Lamie v. U.S. Trustee*, 540 U.S. 526, 542 (2004) (citation omitted). Unless and until Congress acts to provide otherwise, the Court finds that 15 U.S.C. § 1681m(h)(8) eliminated

all private rights of action under 15 U.S.C. § 1681m, including Harris's claim under § 1681m(d)(1). Therefore, the defendants' motion for judgment on the pleadings on that claim is **granted**.

## MOTION FOR STAY

The defendants' motion for stay seeks to stay these proceedings pending resolution of the motion for judgment on the pleadings. That motion is now moot, and is **denied** as such. The defendants shall respond to pending motion for class certification **within 15 days of the date of this Order**.

## MOTION TO COMPEL

Harris filed his motion to compel because the defendants took the position that they need not respond to his discovery requests because they had moved to stay the proceedings and their motion to stay had not yet been addressed by the court. Defendant Strategic Marketing, Inc., since has served its discovery responses; defendant Fletcher Chrysler Products, Inc., ("Fletcher") has not. Harris's motion to compel is **GRANTED** to the extent that Fletcher is ordered to serve its responses to the outstanding discovery requests **within 15 days of the date of this Order**; the motion is **DENIED** in all other respects.

IT IS SO ORDERED this 2nd day of February, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distributed electronically to:

Cathleen Maria Combs
EDLEMAN COMBS & LATTURNER
ccombs@edcombs.com

Daniel A. Edelman
EDLEMAN COMBS & LATTURNER LLC
courtecl@aol.com

Charles Thomas Hectus
HECTUS & STRAUSE PLLC
cthectus@hectusandstrause.com

William Norris Ivers
STEWART & IRWIN
wivers@stewart-irwin.com

Peter S. Kovacs
STEWART & IRWIN
pkovacs@silegal.com

James O. Latturner
EDELMAN COMBS LATTURNER GOODWIN
jlatturner@edcombs.com

Jeremy P. Monteiro
EDELMAN COMBS LATTURNER GOODWIN LLC
jmonteiro@edcombs.com

Ronald C. Smith
STEWART & IRWIN
rsmith@silegal.com